1 | Charles Swanston, Esq. (SBN: 181882)　　　　　　　　　　　*E-Filed 6/29/10*
　 | FITZPATRICK, SPINI & SWANSTON
2 | Attorneys at Law
　 | 838 South Main Street, Suite E
3 | Salinas, California 93901
　 | Telephone: (831) 755-1311
4 | Facsimile:　 (831) 755-1319

5 | Attorneys for Plaintiffs, Casey L. McIntosh and Sonia Hurtado on behalf of themselves and all other similarly situated employees

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNI

## SAN JOSE DISTRICT

| CASEY L. MCINTOSH and SONIA HURTADO on behalf of themselves and all other similarly situated employees, | Case No.: C 09-05657 RS |
|---|---|
| Plaintiffs, | STIPULATION FOR DISMISSAL |
| v. | |
| AMN CORPORATION, a California Corporation, doing business as KID'S KORNER; MICHAEL AHI; KAMIL NAVAI; MACK MOSHEN; and NAZY MOSHEN and DOES 1 through 100, Inclusive | |
| Defendants. | |
| AND RELATED CROSS ACTIONS | |

Plaintiffs CASEY MCINTOSH and SONIA HURTADO (collectively "Plaintiffs"), on one hand, and defendants AMN CORPORATION dba KIDS KORNER, MICHAEL AHI, KAMIL NAVAL, MACK MOSHEN and NAZY MOSHEN(collectively "Defendants"), on the other hand, by and through their respective counsel, stipulate to the following:

1.　The complaint in this action alleges both individual claims and class claims and was originally filed by plaintiff CASEY MCINTOSH in the Superior Court of California in and for the County of Santa Clara on August 14, 2009, with AMN CORPORATION as the sole named defendant. On October 14, 2009, defendant AMN CORPORATION filed a general denial to the complaint in state court and a cross-complaint against CASEY MCINTOSH and LAUREN

PETERSON. On November 5, 2009, CASEY MCINTOSH filed a First Amended Complaint in state court, adding a federal claim under the Fair Labor Standards Act and naming MICHAEL AHI, KAMIL NAVAL, MACK MOSHEN and NAZY MOSHEN as additional defendants. On December 2, 2009, Defendants removed this action to the United States District Court for the Northern District of California. Plaintiff MCINTOSH further amended her complaint on March 17, 2010, to add SONIA HURTADO as plaintiff, both in her individual capacity and as class representative.

2. The following classes and subclasses are identified in Plaintiffs' complaint:

  a. <u>Plaintiff Class</u>: this class is defined as all persons who at any time from four years from the commencement of this action through the date of trial were employed by Defendants in California as employees not exempt from the meal period, rest period, overtime and related provisions of the California Labor Code and the IWC Wage Orders.

  b. <u>Wage Sub-Class</u>: this sub-class is defined as all members of the Plaintiff Class who were not fully paid all wages while employment by Defendants.

  c. <u>Meal and Rest Period Sub-Class</u>: this sub-class is defined as all members of the Plaintiff Class who were not provided lawful meal and rest periods as required by applicable IWC Wage Orders.

3. The Second Amended Class Action Complaint alleges the following claims:

  a. <u>First Cause of Action</u>

    i. <u>Count 1</u> - Meal Period Violations Under IWC Wage Orders

      (a) On Behalf of: (1) Plaintiffs individually, (2) members of the Plaintiff Class and (3) members of the Meal & Rest Period Sub-Class.

      (b) Against: AMN CORPORATION.

    ii. <u>Count 2</u> - Meal Period Violations Under §226.7

      (a) On Behalf of: (1) Plaintiffs individually, (2) members of the Plaintiff Class and (3) members of the Meal & Rest Period Sub-

Class.

    (b)    Against: AMN CORPORATION.

iii.    <u>Count 3</u> - Rest Period Violations Under IWC Wage Orders

    (a)    On Behalf of: (1) Plaintiffs individually, (2) members of the Plaintiff Class and (3) members of the Meal & Rest Period Sub-Class.

    (b)    Against: AMN CORPORATION.

iv.    <u>Count 4</u> - Rest Period Violations Under Labor Code §226.7

    (a)    On Behalf of: (1) Plaintiffs individually, (2) members of the Plaintiff Class and (3) members of the Meal & Rest Period Sub-Class.

    (b)    Against: AMN CORPORATION.

v.    <u>Count 5</u> – Compensation for Working Through Meal Periods

    (a)    On Behalf of: (1) Plaintiffs individually, (2) members of the Plaintiff Class and (3) members of the Meal & Rest Period Sub-Class.

    (b)    Against: AMN CORPORATION.

vi.    <u>Count 6</u> – Compensation for Unpaid Wages

    (a)    On Behalf of: (1) Plaintiffs individually, (2) members of the Plaintiff Class and (3) members of the Meal & Rest Period Sub-Class.

    (b)    Against: AMN CORPORATION.

b.    <u>Second Cause of Action</u> - Failure to Pay All Wages Earned [Labor Code §§ 1194 and 1198]

    1.    On Behalf of: (1) Plaintiffs individually and (2) members of the Plaintiff Class.

    2.    Against: AMN CORPORATION.

      c.    <u>Third Cause of Action</u> - Failure to Comply With Wage Statement Requirements Under Lab Code §§226(e), 1174, and 1175

           1.    On Behalf of: (1) Plaintiffs individually and (2) members of the Plaintiff Class.

           2.    Against: AMN CORPORATION.

      d.    <u>Fourth Cause of Action</u> - Unfair Competition Act

           1.    On Behalf of: (1) Plaintiffs individually and (2) members of the Plaintiff Class.

           2.    Against: AMN CORPORATION.

      e.    <u>Fifth Cause of Action</u> Unfair Business Practices

           1.    On Behalf of: (1) Plaintiffs individually and (2) members of the Plaintiff Class.

           2.    Against: AMN CORPORATION.

      f.    <u>Sixth Cause of Action</u> - Overtime Violation Under 29 U.S.C. §§ 206, 207, and 216(b)

           1.    On Behalf of: (1) Plaintiffs individually and (2) members of the Plaintiff Class.

           2.    Against: AMN CORPORATION.

      g.    <u>Seventh Cause of Action</u> - Slander Per Se

           1.    On Behalf of: (1) Plaintiff CASEY MCINTOSH.

           2.    Against: Defendants MACK MOSHEN and NAZY MOSHEN.

4.    As a result of formal and informal discovery, Plaintiffs have received information indicating that their claims were representative of claims that might be held by fewer than 10 employees. As a consequence, the parties believe that class certification would be denied for the class claims of the plaintiffs.

5.    Neither the plaintiffs nor their counsel have spoken with any potential class members to advise them about the pendency of this action, and they have learned of no

information indicating that any potential class members have delayed pursuing any claims they might have in reliance on this lawsuit. Therefore, if the class claims were dismissed without prejudice, the parties believe that all potential class members would be in the same position as if this lawsuit were never filed.

6. On June 9, 2010, the parties participated in mediation, with J. Rosen Sanford serving as mediator. The parties successfully concluded a settlement of the plaintiffs' individual claims on the following terms:

    a. All of the terms of the settlement are conditioned on the court dismissing all of the class claims in this action without prejudice;

    b. Defendants shall pay the total sum of $50,000.00 to Casey McIntosh and Sonia Hurtado in full satisfaction of all of the individual claims, which amount shall be inclusive of all attorneys fees and costs, in the form of a check payable to said plaintiffs and their attorney Fitzpatrick, Spini & Swanston;

    c. Defendants shall also pay $600.00 to the mediator on behalf of said plaintiffs;

    d. Defendants AMN shall dismiss its cross-complaint in this action with prejudice as to Casey McIntosh and without prejudice as to Lauren Peterson.

    e. Plaintiffs shall seek and obtain a dismissal of the individual claims with prejudice.

    f. The parties shall jointly seek and obtain the dismissal of all class claims in this action without prejudice.

    g. The named plaintiffs, on one hand, and the defendants, on the other, mutually release and waive all claims relating to the subjection matter of the claims pleaded or raised in this action and those that could have been pleaded or raised in this action, each waiving the protections of California Civil Code section 1542.

    h. Except for the disclosures made in this stipulation and order, the parties each agree to keep the terms of this settlement confidential.

7. Considering the parties' belief that this matter is not appropriate for class certification and the lack of any reason to believe that potential class members would be prejudiced if the representative claims in this lawsuit were dismissed, the parties request that the court dismiss all of the class claims in this action without prejudice. As Rule 23(e) of the Federal Rules of Civil Procedure require court approval only for settlement of claims on behalf of certified classes, the parties contend that the court is authorized to dismiss the class claims in this action without prejudice without conducting a fairness hearing under Rule 23 of the Federal Rules of Civil Procedure. Therefore, the parties request that the court order the following dismissals of claims alleged in the Second Amended Class Action Complaint:

    a. First Cause of Action, counts 1 through 6, without prejudice as to members of the Plaintiff Class and members of the Meal & Rest Period Sub-Class;

    b. Second Cause of Action without prejudice as to members of the Plaintiff Class and members of the Wage Sub-Class;

    c. Third Cause of Action without prejudice as to members of the Plaintiff Class, the Meal & Rest Period Sub-Class and the Wage Sub-Class;

    d. Fourth Cause of Action without prejudice as to members of the Plaintiff Class, Meal & Rest Period Sub-Class and the Wage Sub-Class;

    e. Fourth Cause of Action without prejudice as to members of the Plaintiff Class, Meal & Rest Period Sub-Class and the Wage Sub-Class;

    f. Fifth Cause of Action without prejudice as to members of the Plaintiff Class, Meal & Rest Period Sub-Class and the Wage Sub-Class;

    g. Sixth Cause of Action without prejudice as to members of the Plaintiff Class, Meal & Rest Period Sub-Class and the Wage Sub-Class;

    h. All claims of Plaintiffs CASEY MCINTOSH and SONIA HURTADO in their individual capacities only, with prejudice.

8. The parties request that the court dismiss the cross-complaint filed by AMN CORPORATION with prejudice as to CASEY MCINTOSH.

9. The parties request that the court dismiss the cross-complaint filed by AMN CORPORATION without prejudice as to LAUREN PETERSON.

Dated: March ___, 2010            MILLER, MORTON, CAILLAT & NEVIS, LLP


                                  By: _____/S/_____
                                  DAVID I. KORNBLUH
                                  Attorneys for Defendant and Cross-Complainant
                                  AMN CORPORATION; and Defendants
                                  MICHAEL AHI; KAMIL NAVAL; MACK
                                  MOSHEN; and NAZY MOSHEN

Dated: March ___, 2010            FITZPATRICK, SPINI & SWANSTON


                                  By: _____/S/_____
                                  CHARLES SWANSTON
                                  Attorneys for Plaintiff and Cross-Defendant
                                  CASEY L. MCINTOSH


## ORDER

Good cause appearing therefor, the Court hereby orders dismissals of claims alleged in the Second Amended Class Action Complaint as follows:

1. First Cause of Action, counts 1 through 6, without prejudice as to members of the Plaintiff Class and members of the Meal & Rest Period Sub-Class;

2. Second Cause of Action without prejudice as to members of the Plaintiff Class and members of the Wage Sub-Class;

3. Third Cause of Action without prejudice as to members of the Plaintiff Class, the Meal & Rest Period Sub-Class and the Wage Sub-Class;

4. Fourth Cause of Action without prejudice as to members of the Plaintiff Class, Meal & Rest Period Sub-Class and the Wage Sub-Class;

5. Fourth Cause of Action without prejudice as to members of the Plaintiff Class, Meal & Rest Period Sub-Class and the Wage Sub-Class;

6. Fifth Cause of Action without prejudice as to members of the Plaintiff Class, Meal & Rest Period Sub-Class and the Wage Sub-Class;

7. Sixth Cause of Action without prejudice as to members of the Plaintiff Class, Meal & Rest Period Sub-Class and the Wage Sub-Class;

8. All claims of Plaintiffs CASEY MCINTOSH and SONIA HURTADO in their individual capacities only, with prejudice.

All claims in the Second Amended Complaint having been dismissed, the court hereby dismisses the Second Amended Complaint. The court further dismisses the cross-complaint filed by AMN CORPORATION with prejudice as to CASEY MCINTOSH and without prejudice as to LAUREN PETERSON.

Dated: 6/29/10

_____
HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT COURT JUDGE